## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| RONNIE ALLEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:16-CV-26-SNLJ |
| | ) | |
| JOHN MILLS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on review of plaintiff's motion for leave to proceed in forma pauperis [Doc. 2] and inmate account statement [Doc. 7]. The motion will be granted, and plaintiff will be assessed an initial partial fee of $6.20, which is twenty percent of his average six-month deposit. In addition, for the following reasons, the Court will instruct plaintiff to file an amended complaint and will deny, without prejudice, plaintiff's motion for appointment of counsel [Doc. 3].

Upon review of the pro se complaint and forty-three pages of attached exhibits [Doc. 1], it is unclear to the Court precisely what plaintiff's claims are against each of the named twenty-two defendants. Because plaintiff is proceeding pro se, the Court will instruct him to file an amended complaint on a Court form in accordance with the instructions set forth below.

All claims in an action must be included in one, centralized complaint form, as neither the Court nor defendants wish to search through supplemental and prior pleadings

in order to piece together plaintiff's claims. **As such, plaintiff is warned that the filing of an amended complaint replaces the original complaint and all previously-filed pleadings, supplements, and attachments thereto, and therefore, he must include each and every one of the claims he wishes to pursue in the amended complaint.** *See, e.g., In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 928 (8th Cir. 2005). **Any claims from the original complaint, supplements, attachments, and/or pleadings that are not included in the amended complaint will be deemed abandoned and will not be considered**. *Id*. **Plaintiff is advised that the amended complaint will replace the original complaint and will be the only pleading this Court reviews.** *Id.* **If plaintiff wishes to sue defendants in their individual and/or official capacities, plaintiff must specifically say so in the amended complaint. Plaintiff should not attach any exhibits to the amended complaint; all claims should be clearly set forth in the "Statement of Claim."**

In addition, in the "Caption" of the amended complaint, plaintiff shall set forth the name of each defendant he wishes to sue; and in the "Statement of Claim," plaintiff shall start by typing the first defendant's name, and under that name, he shall set forth in separate numbered paragraphs the specific allegations supporting his claim(s) as to that particular defendant, as well as the right(s) that he claims that particular defendant violated and the capacity in which the defendant is being sued. Plaintiff shall proceed in this manner with each named defendant, *separately* setting forth each individual name and under that name, in numbered paragraphs, the allegations specific to that particular defendant, the right(s)

that he claims that particular defendant violated, and the capacity in which the defendant is being sued. The amended complaint must contain short and plain statements showing that plaintiff is entitled to relief, the allegations must be simple, concise, and direct, and the numbered paragraphs must each be limited to a single set of circumstances. If plaintiff needs more space, he may attach additional sheets of paper to the amended complaint and identify them as part of the "Caption" or "Statement of Claim"; however, as previously stated, plaintiff shall not attach any exhibits to the pleading. Plaintiff shall sign the amended complaint.

Plaintiff is reminded that he is required to submit his amended complaint on a Court-provided form, and it must comply with Rules 8 and 10 of the Federal Rules of Civil Procedure. Plaintiff's failure to make specific and actionable allegations against any of defendant(s) will result in that individual's dismissal from this case.[1] If plaintiff fails to comply with the Court's instructions, this action will be dismissed without prejudice and without further notice.

Last, the Court will deny, without prejudice, plaintiff's motion for appointment of counsel. "A pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case." *Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998). When determining whether to appoint counsel for an indigent litigant, the Court considers

---

[1] The Court will review plaintiff's amended complaint pursuant to 28 U.S.C. § 1915. A claim and/or defendant must survive § 1915 review in order for plaintiff to proceed in this lawsuit.

relevant factors, such as the complexity of the case, the ability of the pro se litigant to investigate the facts, the existence of conflicting testimony, and the ability of the pro se litigant to present his or her claim. *Id.* After reviewing these factors, the Court finds that the appointment of counsel is not warranted at this time. This case is neither factually nor legally complex, and it is evident that plaintiff is able to present his claims in a coherent fashion. Consequently, the motion will be denied at this time, without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [Doc. #2] is **GRANTED.**

**IT IS FURTHER ORDERED** that plaintiff shall pay an initial partial filing fee of $6.20 within thirty (30) days from the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that, within thirty (30) days from the date of this Order, plaintiff shall file an amended complaint on a Court-provided form, in accordance with the instructions set forth above.

**IT IS FURTHER ORDERED** that the Clerk shall mail plaintiff a copy of the Court's form prisoner complaint for filing a civil rights action.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [Doc. 3] is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that if plaintiff fails to comply with this Order, the Court will dismiss this action without prejudice and without further notice.

Dated this 6th day of July, 2016.

_____
UNITED STATES DISTRICT JUDGE