UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DISTRICT

| | | |
|---|---|---|
| RONNIE ALLEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.  1:16-CV-26 SNLJ |
| | ) | |
| JOHN MILLS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon review of the file. Plaintiff Ronnie Allen, proceeding pro se and in forma pauperis, filed this prisoner civil rights action on February 8, 2016, naming 22 defendants. Upon review, the Court determined that it was unclear precisely what plaintiff's claims were as to each defendant, and ordered plaintiff to submit an amended complaint. Plaintiff has complied, and the Court will now review the amended complaint pursuant to 28 U.S.C. § 1915.

### 28 U.S.C. § 1915(e)(2)(B)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court shall dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989); *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A complaint fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although the factual allegations in the complaint

1

need not be detailed, they must be sufficient to "raise a right to relief above the speculative level …". *Id.* at 555.

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950-51 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Id.* at 1949. Second, the Court must determine whether the complaint states a plausible claim for relief. *Id.* at 1950-51. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950. The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." *Iqbal*, 129 S. Ct. at 1950. The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." *Id.* at 1951. Pro se pleadings are liberally construed, and are held to a less stringent standard when considering a dismissal of the case for failure to state a claim. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Horsey v. Asher*, 741 F.2d 209, 211 n. 3 (8th Cir. 1984). Even so, a pro se complaint must contain specific facts to support its conclusions. *Kaylor v. Fields*, 661 F.2d 1177, 1183 (8th Cir. 1981).

**The Amended Complaint**

Plaintiff, an inmate at the Eastern Reception, Diagnostic and Correctional Center ("ERDCC") alleges that his constitutional rights guaranteed by the Eighth and Fourteenth Amendments and the Equal Protection Clause were violated during five incidents that occurred on March 20, March 23, April 6, April 7, and April 17, 2015. He names 25 defendants: John Mills, Claude Bagby, Tamara Hendrix, Dennis Mayberry, Michael Vinson, Unknown Schefer, Jerry Walls, Jeremiah Brown, Brad Clark, Daron Hyte, Jefferson Kidd, Jane Bucanan, Cynthia

2

Reese, Charles Wilson, Bryan Robinson, Gregory Hancock, Crystal Steward, Regina Beggs, Bruce Hannabrink, Terry White, Omer Clark, Paula Reed, Ian Wallace, Dwayne Kempker, and Bill Stange. All of the defendants are employed by the Missouri Department of Corrections, an agency of the State of Missouri. Plaintiff states that he sues each defendant in his/her official and individual capacity, and seeks monetary damages in the amount of $75,000.00.

## Discussion

### Official Capacity Claims

The Court will dismiss plaintiff's official capacity claims against all of the defendants. All defendants are employees of the Missouri Department of Corrections, an agency of the State of Missouri, and plaintiff seeks only monetary damages. Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official. "Neither a State nor its officials acting in their official capacity are 'persons' under § 1983." *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989). The amended complaint therefore fails to state a claim upon which relief can be granted against these State of Missouri employees in their official capacities.

### Equal Protection Claims

Plaintiff states that defendants violated his right to equal protection, but he alleges no facts to support such a claim. Equal protection claims arise when a charge is made that similarly situated individuals are treated differently without a rational relationship to a legitimate state purpose. *See San Antonio School District v. Rodriguez*, 411 U.S. 1 (1972). Because plaintiff never alleges that he belongs to a suspect class or was treated differently from any other inmate similarly situated, he fails to state an equal protection claim. *See Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000) (per curiam) (to proceed with equal protection claim, plaintiff

who is not member of suspect class must allege that he "has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment").

**March 20, 2015 – Defendants Mills, Bagby, Hendrix, Mayberry, Vinson and Hyte**

Plaintiff alleges that, on March 20, 2015, he told defendants Mills and Bagby that his cellmate, Timothy Rucker, had threatened to harm him, and he asked to be moved to a different cell. Plaintiff alleges that Mills and Bagby refused to do so, and that Bagby used a racial slur and stated that Rucker and plaintiff could "kill each other for all we care." (Docket No. 12 at 9). Plaintiff alleges that Mills and Bagby slammed his hands repeatedly with the food port door and pepper-sprayed him after he refused to move his hands out of the food port opening. Plaintiff alleges that Mills and Bagby later delayed giving him a decontamination shower to wash the pepper spray from his eyes and skin, threw away some of his personal items, and falsely accused him of a conduct violation. Plaintiff acknowledges that, following the incident, he was moved to a different cell with a new cellmate.

The Court views plaintiff's allegations that Mills and Bagby refused to move him to a new cell despite actual knowledge that his cellmate had threatened him with harm as a failure-to-protect claim. The Eighth Amendment imposes a duty on prison officials to protect prisoners from violence at the hands of other prisoners. *Perkins v. Grimes*, 161 F.3d 1127, 1129 (8th Cir. 1998) (citing *Farmer v. Brennan*, 511 U.S. 825, 828 (1994)). "Because being subjected to assault is not 'part of the penalty that criminal offenders [must] pay for their offenses,' the eighth amendment's prohibition against cruel and unusual punishment requires prison officials to 'take reasonable measures to guarantee' inmate safety by protecting them from attacks by other prisoners." *Young v. Selk*, 508 F.3d 868, 872 (8th Cir. 2007) (*citing Rhodes v. Chapman*, 452 U.S. 337, 347 (1981) and *Farmer*, 511 U.S. at 828). In order to establish an Eighth Amendment failure-to-protect claim, a plaintiff must show that the prison official was deliberately indifferent

to a "substantial risk of serious harm." *Id.* (*quoting Farmer*, 511 U.S. at 828). In doing so, a plaintiff must establish objectively that the deprivation of rights was sufficiently serious (whether he is incarcerated under conditions posing a substantial risk of serious harm); and subjectively that the prison official had a "sufficiently culpable state of mind." *Whitson v. Stone County Jail*, 602 F.3d 920, 923 (8th Cir. 2010) (internal citations omitted). "In prison conditions claims, which include the failure-to-protect allegations before us, the subjective inquiry regarding an official's state of mind is one of deliberate indifference to inmate health or safety." *Id.* (internal quotation omitted). "An official is deliberately indifferent if he or she actually knows of a substantial risk and fails to respond reasonably." *Id.* When assumed true, plaintiff's allegations against Mills and Bagby state a claim for violation of his Eighth Amendment rights, and they will be ordered to answer the amended complaint as to this claim.

Plaintiff's allegations that Mills and Bagby repeatedly slammed his hands in the food port door and pepper sprayed him state claims under the Eighth Amendment. *Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010) (the core judicial inquiry when a prisoner alleges that prison officers used excessive force is not whether a certain quantum of injury was sustained, but rather whether the force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm). Plaintiff's allegations that Mills and Bagby delayed allowing him a decontamination shower to wash the pepper spray from his body also state claims under the Eighth Amendment. *See Farmer*, 511 U.S. at 828 (a prison official's "deliberate indifference" to a substantial risk of serious harm to an inmate violates the Eighth Amendment); *see also Walton v. Dawson*, 752 F.3d 1109, 1119 (8th Cir. 2014) (quoting *Coleman v. Rahija*, 114 F.3d 778, 785 (8th Cir. 1997) ("A prison official may be held liable under the Eighth Amendment if he knows that an inmate faces a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it.").

5

Plaintiff's allegations that Mills and Bagby removed and destroyed his personal property do not implicate plaintiff's constitutional rights because the state of Missouri provides an adequate post-deprivation remedy. *Orebaugh v. Caspari*, 910 F.2d 526, 527 (8th Cir. 1990) (*citing Hudson v. Palmer*, 468 U.S. 517, 533 (1984)); *Maples v. United Savings & Loan Assoc*. 686 S.W. 2d 525, 527 (Mo. Ct. App. 1985). Plaintiff's allegations that Bagby used a racial slur and said he and Rucker could kill each other, without more, do not in and of themselves invade any of plaintiff's federally protected rights. *See Burton v. Livingston*, 791 F.2d 97, 99–100 (8th Cir. 1986) (usually, mere words, without more, do not invade federally protected right); *see also Martin v. Sargent*, 780 F.2d 1334, 1338–39 (8th Cir. 1985) (verbal threats and name calling usually are not actionable under § 1983).

Plaintiff also alleges that Mills and Bagby were involved in plaintiff being issued "false" conduct violations which resulted in him being placed in disciplinary segregation for twenty days and given "meal-loaf" (an alternative meal plan) for nine meals do not implicate constitutionally protected interests. First, plaintiff merely states in conclusory fashion that the conduct violations were false without offering any evidence in support. *See Sprouse v. Babcock*, 870 F.2d 450, 452 (8th Cir. 1989) (claim of falsity of the conduct violation, standing alone, does not state a constitutional claim). Second, plaintiff makes no claim that the punishment he received for the conduct violations imposed an "atypical and significant hardship … in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472 (1995) (thirty days in disciplinary segregation not atypical hardship); *see also Portley-El v. Brill*, 288 F.3d 1063, 1065-66 (8th Cir. 2002) (thirty days in punitive segregation not an atypical and significant hardship); *Kennedy v. Blankenship*, 100 F.3d 640, 642 (8th Cir. 1996) (demotion from administrative segregation to thirty days punitive isolation was not an atypical and significant hardship).

Plaintiff alleges, in conclusory fashion, that defendants Hendrix, Mayberry, and Vinson approved, condoned and participated in Mills and Bagby's wrongful actions, authorized that plaintiff not be given a decontamination shower, ordered other defendants to remove and dispose of some of plaintiff's property, and participated in plaintiff being issued a false conduct violation. Regarding defendant Hyte, plaintiff alleges that he condoned and approved Mills's and Bagby's denial of protective custody and their use of excessive force, and that he participated in the authorization that plaintiff be issued a false conduct violation.

For the reasons discussed above, plaintiff's allegations regarding the treatment of his property and the issuance of "false" conduct violations fail to state constitutional claims. Plaintiff's allegations that defendants Hendrix, Mayberry and Vinson "authorized" that he not be given a decontamination shower, and his allegations that defendant Hyte "condoned and approved" the actions of Mills and Bagby, do not state claims upon which relief can be granted because plaintiff fails to set forth any specific factual allegations showing what those defendants personally did or failed to do that violated his constitutional rights. An actionable § 1983 civil rights claim "requires a causal link to, and direct responsibility for, the deprivation of rights" protected by the constitution. *Clemmons v. Armontrout*, 477 F.3d 962, 967 (8th Cir. 2007); *see also Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990). This means that plaintiff is required to plead specific facts showing each individual defendant's direct personal involvement in some alleged constitutional wrongdoing. *Ellis v. Norris*, 179 F.3d 1078, 1079 (8th Cir. 1999); *see also Beck v. LaFleur*, 257 F.3d 764, 766 (8th Cir. 2001) (upholding summary dismissal of civil rights claim, because complaint "failed to allege sufficient personal involvement by any of defendants to support such a claim"); *see also Monell v. Department of Social Services*, 436 U.S. 658 (1978) (there must be an actual connection or link between the actions of the defendants and the deprivation plaintiff alleges to have suffered). Mindful of plaintiff's pro se status, the Court

has liberally construed the amended complaint, and has held it to a less stringent standard than a pleading drafted by an attorney. Even so, the Court notes that a pro se complaint still must contain specific facts to support its conclusions, *Fields*, 661 F.2d at 1183, and plaintiff's claims against Hendrix, Mayberry, Vinson and Hyte do not.

Plaintiff may be basing his claims against Hendrix, Mayberry, Vinson and Hyte upon the theory of respondeat superior; that is, that their supervisory roles demonstrate their Eighth Amendment liability. A supervisor is liable for the actions of his subordinates under § 1983 only if he personally participates in the alleged unconstitutional conduct, or when there is a causal connection between his actions and the alleged constitutional deprivation. *Brown v. Crawford*, 906 F.2d 667, 671 (11th Cir. 1990). Allegations based solely on a theory of respondeat superior are insufficient to state a cognizable civil rights claim; instead, plaintiff must plead specific facts establishing an actual link or connection between each defendant and the alleged constitutional violation. In the amended complaint, plaintiff merely alleges, in conclusory fashion, that Hendrix, Mayberry, Vinson and Hyte authorized, condoned and/or approved the actions of other defendants. He fails to allege any specific facts regarding how any of these defendants personally participated in, or were causally connected to, any alleged deprivation of his constitutional rights. *See Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982) (vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are insufficient). Finally, plaintiff fails to allege that any of these defendants failed to properly train, supervise, direct or control the actions of anyone subordinate to them who violated plaintiff's constitutional rights, or even that any of these defendants had the authority to do so. The Court therefore concludes that plaintiff has failed to raise an inference of liability under § 1983 as to defendants Hendrix, Mayberry, Vinson and Hyte, and will dismiss them pursuant to 28 U.S.C. § 1915(e)(2). *See Twitchell v. Hutton*, No. 10–cv–01939, 2011 WL 318827, at *7 (D.

Colo. Jan. 28, 2011) (dismissing for failure to state constitutional claim based on supervisory liability where plaintiff made conclusory statement that defendant "adopted, authorized, and ratified and/or condoned policies and/or customs of the use of excessive force" yet "offer[ed] no supporting facts in connection with her conclusory allegations").

**March 23, 2015 – Defendants Schefer, Walls, Brown, Clark and White**

Plaintiff alleges that, on March 23, 2015, defendant Schefer approached plaintiff's cell to distribute the evening meal. On this date, plaintiff shared a cell with Jackie Payne. Plaintiff alleges that Schefer told plaintiff that, if he wanted to eat, he needed to go to the back of his cell and get on his knees and face the back wall. When plaintiff refused to comply, Schefer refused to feed plaintiff or Payne, stating that the two men were not being fed because of plaintiff's refusal to follow directions. Payne then told Schefer and defendants Walls and Brown that if he was not moved to a new cell, he would punch plaintiff in the face. Plaintiff alleges that Schefer, Walls and Brown ignored Payne's request and left the two men in the same cell, and Payne subsequently attacked him. Plaintiff alleges that he and Payne fought, causing him to be injured and then sprayed with pepper spray. Plaintiff alleges that Schefer delayed giving plaintiff a decontamination shower for two hours.

As with Mills and Bagby above, plaintiff's allegations that Schefer, Walls and Brown left plaintiff in the cell with Payne despite knowing Payne had threatened to harm him state claims under the Eighth Amendment. *Walton*, 752 F.3d at 1119) (*quoting Coleman*, 114 F.3d at 785) ("A prison official may be held liable under the Eighth Amendment if he knows that an inmate faces a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it."). Plaintiff's allegations that Schefer delayed allowing plaintiff a decontamination shower also state a claim under the Eighth Amendment. *See Farmer*, 511 U.S. at 828 (a prison official's "deliberate indifference" to a substantial risk of serious harm to an

inmate violates the Eighth Amendment). The Court will therefore direct Schefer, Walls and Brown to answer the amended complaint as to those claims.

Plaintiff alleges, in conclusory fashion, that defendant Clark approved of, condoned and participated in the behavior of other defendants in refusing to feed plaintiff and Payne, among other things. Plaintiff fails to plead specific facts showing Clark's direct personal involvement in some alleged constitutional wrongdoing. *See Norris*, 179 F.3d at 1079; *LaFleur*, 257 F.3d at 766. Plaintiff's allegations do not state a claim under any supervisory liability theory, *Brown*, 906 F.2d at 671, and plaintiff fails to allege with any specificity that Clark failed to properly train, supervise, direct or control the actions of any subordinate who violated plaintiff's constitutional rights. The Court therefore concludes that plaintiff has failed to raise an inference of liability under § 1983 as to Clark, and will dismiss him pursuant to 28 U.S.C. § 1915(e)(2).

**April 6, 2015 – Defendants Kidd and Bucanan**

Plaintiff alleges that, on April 6, 2015, he told defendant Kidd that he was depressed. Plaintiff alleges that Kidd responded that plaintiff should kill himself, and removed him from his cell and handcuffed him to a restraint bench. Plaintiff alleges that he remained on the bench for five hours, during which time he was not fed or allowed to use the bathroom. Plaintiff alleges that Kidd then returned him to his cell which contained his personal property, despite the fact that he had requested to be on suicide watch.

Plaintiff fails to state a claim against Kidd. As discussed above, mere words are insufficient to state a constitutional claim. *Burton*, 791 F.2d at 99–100; *Martin*, 780 F.2d at 1338–39. Plaintiff does not allege that Kidd used unnecessary or excessive force when handcuffing him to the restraint bench, nor does he allege that Kidd was the party responsible for leaving plaintiff on the bench for five hours. Plaintiff does not allege that his personal property contained any items that were actually or potentially harmful, or that being in the cell with his

personal property caused him any injury or distress. Instead, it appears that plaintiff alleges that prison regulations were not followed. Such allegations cannot state a constitutional claim. *See Phillips v. Norris*, 320 F.3d 844, 847 (8th Cir. 2003) (there is no federal constitutional liberty interest in having prison officials follow prison regulations). The Court will therefore dismiss Kidd pursuant to 28 U.S.C. § 1915(e)(2).

Plaintiff alleges that defendant Bucanan approved, condoned and participated in this behavior. Plaintiff fails to set forth specific factual allegations showing her direct personal involvement in some alleged constitutional wrongdoing. *See Norris*, 179 F.3d at 1079; *LaFleur*, 257 F.3d at 766. Plaintiff's allegations do not state a claim under any supervisory liability theory, *Brown*, 906 F.2d at 671, and he does not allege with any specificity that Bucanan failed to properly train, supervise, direct or control the actions of anyone subordinate to her who violated plaintiff's constitutional rights. The Court therefore concludes that plaintiff has failed to raise an inference of liability under § 1983 as to Bucanan, and will dismiss her pursuant to 28 U.S.C. § 1915(e)(2).

### April 7, 2015 – Defendants Reese, Wilson, Robinson, Beggs, Hannabrink, White, Clark, Reed, Wallace, Kempker, and Stange

Plaintiff alleges that defendant Reese knowingly allowed others to place him into his assigned cell that contained "all kinds of harmful things" and with another suicidal inmate. (Docket No. 12 at 16). Plaintiff fails to set forth specific factual allegations showing Reese's direct personal involvement in some alleged constitutional wrongdoing. *See Norris*, 179 F.3d at 1079; *LaFleur*, 257 F.3d at 766. Plaintiff's allegations do not state a claim under any supervisory liability theory, *Brown*, 906 F.2d at 671, and he does not allege with any specificity that Reese failed to properly train, supervise, direct or control the actions of anyone subordinate to her who violated plaintiff's constitutional rights. The Court therefore concludes that plaintiff

11

has failed to raise an inference of liability under § 1983 as to Reese, and will dismiss her pursuant to 28 U.S.C. § 1915(e)(2).

Plaintiff alleges that defendant Wilson placed plaintiff in a cell with Lockhart even though he knew Lockhart had threatened to kill plaintiff, and ignored plaintiff's repeated pleas to be moved to a new cell. Plaintiff alleges that defendant Robinson left him in a cell with Lockhart despite hearing Lockhart threaten plaintiff. "A prison official may be held liable under the Eighth Amendment if he knows that an inmate faces a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Walton*, 752 F.3d at 1119) (*quoting Coleman*, 114 F.3d at 785).

Plaintiff states a claim under the Eighth Amendment via his allegations that Wilson forcefully pulled plaintiff against a door and pepper sprayed him. *See Wilkins*, 559 U.S. at 37 (the core judicial inquiry when a prisoner alleges that prison officers used excessive force is not whether a certain quantum of injury was sustained, but rather whether the force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm). Plaintiff's allegations that Wilson delayed allowing him to take a decontamination shower also states an Eighth Amendment claim. *See Farmer*, 511 U.S. at 828 (a prison official's "deliberate indifference" to a substantial risk of serious harm to an inmate violates the Eighth Amendment). The Court will therefore direct Wilson and Robinson to answer the amended complaint.

With regard to defendants Beggs, Hannabrink, White, Clark, Reed, Wallace, Kempker, and Stange, plaintiff alleges, in conclusory fashion and nearly verbatim for each defendant, that they were aware of, condoned, and approved the April 7, 2015 process that caused plaintiff to be placed in a cell with another suicidal inmate. Plaintiff fails to set forth specific factual allegations showing direct personal involvement on the part of any of these defendants in some alleged constitutional wrongdoing. *See Norris*, 179 F.3d at 1079; *LaFleur*, 257 F.3d at 766.

Plaintiff's allegations do not state a claim under any supervisory liability theory, *Brown*, 906 F.2d at 671, and he does not allege with any specificity that any of these defendants failed to properly train, supervise, direct or control the actions of anyone subordinate to them who violated plaintiff's constitutional rights. The Court therefore concludes that plaintiff has failed to raise an inference of liability under § 1983 as to Beggs, Hannabrink, White, Clark, Reed, Wallace, Kempker, and Stange, and will dismiss them pursuant to 28 U.S.C. § 1915(e)(2).

### April 17, 2015 – Defendant Hancock

Plaintiff alleges that he told defendant Hancock that he should not be placed in a cell with another suicidal person and that Lockhart told Hancock that he (Lockhart) would hurt plaintiff if left in a cell with him, but that Hancock placed plaintiff in a cell with Lockhart. "A prison official may be held liable under the Eighth Amendment if he knows that an inmate faces a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Walton*, 752 F.3d at 1119. The Court determines that plaintiff states a claim against Hancock for violation of his rights under the Eighth Amendment, and will direct Hancock to answer the amended complaint.

### Due Process Claims – Defendants Steward, Mills, Hendrix, Mayberry, Vinson, Schefer, Walls, Brown, Clark, and Hyte

Plaintiff alleges that defendant Steward held disciplinary hearings regarding the March 20, March 23, and April 7 incidents, condoned the actions of others, and sanctioned plaintiff on different occasions to twenty days disciplinary segregation and nine alternative meal service meals. Plaintiff alleges that various defendants, including Mills, Hendrix, Mayberry, Vinson, Schefer, Walls, Brown, Clark, and Hyte violated his due process rights via their involvement in the process by which plaintiff was charged with and punished for conduct violations. While plaintiff does not appear to allege any constitutional deprivation stemming from the hearings

13

themselves, the Court notes that prisoners have no stand-alone due process rights related to the administrative grievance process. *See Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988); *see also Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (holding that there is no liberty interest entitling inmates to a specific grievance process).

Plaintiff does allege constitutional violations stemming from the sanctions he received. The Due Process Clause protects prisoners from being deprived of liberty without due process of law. *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). Segregated confinement within prison implicates a liberty interest protected by the Due Process Clause of the United States Constitution only if it "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin*, 515 U.S. at 484. The Eighth Circuit has "consistently held that administrative and disciplinary segregation are not atypical and significant hardships under *Sandin*." *Portley–El v. Brill*, 288 F.3d 1063, 1065 (8th Cir. 2002) (affirming a district court's dismissal of prisoner's due process claims on initial review for failure to meet the *Sandin* threshold).

In the case at bar, plaintiff alleges that he was placed in disciplinary segregation for periods of ten to twenty days, and restricted to nine alternative meal service meals. Absent more, such sanctions cannot be considered "atypical and significant" deprivations that create a liberty interest under *Sandin. See Phillips*, 320 F.3d at 847; *Portley–El*, 288 F.3d at 1063 (8th Cir. 2002); *see also Platt v. Brockenborough*, 476 F.Supp.2d 467, 470 (E.D. Pa. 2007) ("placement in administrative segregation for a total of eight months, without more, also does not constitute an atypical and significant hardship."). Finally, plaintiff does not have a liberty interest to be free from temporary placement on an alternative meal regimen, *Lott v. Roper*, No. 4:04-cv-989, 2006 WL 2038635 (E.D. Mo. July 19, 2006), and he makes no allegations that would be necessary to state a claim for violation of his Eighth Amendment rights, such as he received insufficient or

unsanitary food, or that the food he received failed to meet his nutritional needs or harmed him. The Court therefore concludes that plaintiff has failed to raise an inference of liability under § 1983 as to Steward or defendants Mills, Hendrix, Mayberry, Vinson, Schefer, Walls, Brown, Clark, and Hyte related to the issuance of conduct violations, the holding of disciplinary hearings, or the disciplinary sanctions plaintiff received, and all such claims will be dismissed pursuant to 28 U.S.C. § 1915(e)(2).

Plaintiff also claims that defendants Mills, Bagby, Hendrix, Mayberry, and Vinson violated his due process rights by either personally removing and destroying property from his cell, or ordering, authorizing or condoning such removal and destruction. As noted above, these allegations do not state federal due process claims because Missouri provides an adequate post-deprivation remedy. *Orebaugh*, 910 F.2d at 527 (*citing Hudson*, 468 U.S. at 533); *Maples*, 686 S.W. 2d at 527.

For all of the foregoing reasons, the Court will order the Clerk of Court to issue process upon the amended complaint as to defendants John Mills, Claude Bagby, Bryan Robinson, Gregory Hancock, Charles Wilson, Jeremiah Brown, Jerry Walls, and Unknown Schefer in their individual capacities. All of plaintiff's claims against defendants Tamara Hendrix, Michael Vinson, Dennis Mayberry, Ian Wallace, Bill Stange, Paula Reed, Omer Clark, Jefferson Kidd, Darron Hyte, Regina Beggs, Crystal Steward, Bruce Hannabrink, Cynthia Reese, Jane Bucanan, Terry White, Dwayne Kempker, and Brad Clark will be dismissed without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's official capacity claims against all defendants are hereby **DISMISSED** without prejudice.

**IT IS FURTHER ORDERED** that the Clerk of Court shall issue process or cause process to issue upon the amended complaint, pursuant to the service agreement the Court

15

maintains with the Missouri Attorney General's Office, as to defendants John Mills, Claude Bagby, Bryan Robinson, Gregory Hancock, Charles Wilson, Jeremiah Brown, Jerry Walls, and Unknown Schefer in their individual capacities.

**IT IS FURTHER ORDERED** that, in their individual capacities, defendants John Mills, Claude Bagby, Bryan Robinson, Gregory Hancock, Charles Wilson, Jeremiah Brown, Jerry Walls, and Unknown Schefer shall reply to the amended complaint within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that defendants Tamara Hendrix, Michael Vinson, Dennis Mayberry, Ian Wallace, Bill Stange, Paula Reed, Omer Clark, Jefferson Kidd, Darron Hyte, Regina Beggs, Crystal Steward, Bruce Hannabrink, Cynthia Reese, Jane Bucanan, Terry White, Dwayne Kempker, and Brad Clark are dismissed without prejudice. 28 U.S.C. § 1915(e)(2).

A separate Order of Dismissal will be entered herewith.

Dated this 9th day of November, 2016.

                                                             _____
                                                             STEPHEN N. LIMBAUGH, JR.
                                                             UNITED STATES DISTRICT JUDGE