# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | |
|---|---|
| RONNIE ALLEN, | ) |
| Plaintiff, | ) |
| v. | ) No. 1:16-cv-26-SNLJ |
| JOHN MILLS, et al., | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court for review pursuant to Rule 4(m) of the Federal Rules of Civil Procedure. This action will be dismissed, without prejudice, as to defendant Bryan Robinson, pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.

Plaintiff commenced this action in this Court on February 8, 2016, and filed an Amended Complaint on August 8, 2016. In both, he named Robinson as a defendant. On November 9, 2016, the Court directed the Clerk to serve process on the complaint. The Clerk attempted to serve process upon Robinson via the Missouri Attorney General's Office, because plaintiff averred that Robinson was a corrections officer employed by the Missouri Department of Corrections.

The Missouri Attorney General's Office declined to waive service as to Robinson, stating that he was no longer employed by the Missouri Department of Corrections. The Court then directed counsel for the Missouri Attorney General's Office to inform the Court of Robinson's last known address for the purpose of effectuating service. Counsel timely provided an address for Robinson, and the Court directed the Clerk to effectuate service of process upon Robinson there. On August 24, 2017, service was returned unexecuted. The Return of Service indicated that the United States Marshals Service were unable to locate Robinson.

On August 25, 2017, this Court issued an order informing plaintiff that the Rule 4(m) period had expired, and Robinson had not been served with process. The Court directed plaintiff to provide adequate information to allow Robinson to be served with process. In response, plaintiff states simply that he lacks resources to locate Robinson. He does not indicate that he plans to make any attempt whatsoever to do so.

Rule 4(m) of the Federal Rules of Civil Procedure provides:

> If a defendant is not served within 90 days after the complaint is filed, the court -- on motion or on its own after notice to the plaintiff -- must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

In the case at bar, it has been more than 90 days since plaintiff filed his amended complaint. Notwithstanding the reasonable efforts that have been made to locate Robinson, he cannot be found, summons has been returned unexecuted, and plaintiff has failed to demonstrate good cause warranting an extension of the service period. The Court will therefore dismiss this action as to defendant Bryan Robinson, without prejudice, pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.

Accordingly,

**IT IS HEREBY ORDERED** that this action is dismissed, without prejudice, as to defendant Bryan Robinson. A separate order of partial dismissal will be entered herewith.

**IT IS HEREBY CERTIFIED** that an appeal from this partial dismissal would not be taken in good faith.

Dated this 13th day of September, 2017.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE